IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| In re:<br>James Madison Montgomery,<br><br>*Debtor*. | Case No: 16-11666<br>Chapter: 13 |
|---|---|
| James Madison Montgomery,<br><br>*Plaintiff*,<br><br>v.<br><br>Nationstar Mortgage, LLC, dba Mr. Cooper,<br><br>*Defendant*. | AP No. |

## COMPLAINT

**COMES NOW** Plaintiff, James Madison Montgomery, by and through the undersigned counsel, and presents this complaint for damages and injunctive relief against Defendant, Nationstar Mortgage, LLC, dba Mr. Cooper, and alleges as follows:

### INTRODUCTION

1. Subsequent to this Honorable Court's entry of an *Order Conditionally Denying* the *Motion for Relief from Automatic Stay and Codebtor Stay of Nationstar Mortgage LLC* ("Motion for Relief"), Plaintiff has maintained monthly mortgage payments consistent with the terms of said *Order*, the confirmed *Chapter 13 Plan* and the loan documents; notwithstanding, however, Defendant has noticed a default in payments on the mortgage loan, assessed unauthorized

1

charges and fees to the mortgage loan account, failed and/or refused to accept payments on the mortgage loan, deposited payments into a suspense account without crediting the same to the mortgage loan, and threatened collection and/or foreclosure action unless Plaintiff remitted money to Defendant to which it is not entitled. In fact, Plaintiff has, as set forth herein below, remitted money to Defendant.

2. Defendant has undertaken and continues to undertake such unlawful acts for the purpose of fabricating a set of facts to support a default to permit foreclosure of the mortgage which secures payment against the subject real property.

3. Plaintiff asserts claims herein against Defendant by and through the following:

   a. 11 U.S.C. §§ 105(a), 362(a), 1306(a) and 1327(a);

   b. Rules 2016, 3002.1, and 9011, Fed. R. Bankr. P.;

   c. 15 U.S.C. § 1601, *et seq.*, and 12 C.F.R. Part 226 (Reg. Z);

   d. 12 U.S.C. § 2601, *et seq.* and 12 C.F.R. Part 1024 (Reg. X); and

   e. common law torts of breach of contract and fraud and misrepresentation.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b), and the District Court's *Order of Reference* dated April 25, 1985, this Honorable Court has jurisdiction of the claims within this adversary proceeding. Furthermore, pursuant to 28 U.S.C. §§ 1391(b) and 1409, venue is proper before this Honorable Court.

5. This adversary proceeding addresses core claims pursuant to 28 U.S.C. §§ 157(b)(2)(B) and 1409. To the extent this adversary proceeding addresses non-core claims, Plaintiff consents to the entry of final orders by this Honorable Court.

## PARTIES

6. Plaintiff, James Madison Montgomery, is a natural person, resides within the geographical area encompassed by the jurisdiction of the United States Bankruptcy Court for the Middle District of Alabama, and is a debtor in the underlying bankruptcy case.

7. Defendant, Nationstar Mortgage, LLC, dba Mr. Cooper, is a Foreign Limited Liability Company, has a principal place of business at 8950 Cypress Waters Boulevard, Coppell, Texas 75261-9741, and is a creditor in the underlying bankruptcy case.

## FACTUAL ALLEGATIONS

8. On or about July 31, 2009, Plaintiff and Bank of America, N.A. executed a Note wherein Plaintiff agreed to pay the bank the sum of $223,308.00, plus interest, with payments pursuant thereto commencing on October 1, 2009 and concluding on September 1, 2039, with said obligation secured by a Mortgage and Security Deed of same date against real property situated at 9078 Prospect Court, Jonesboro, Georgia 30236-5291. Based upon the stamp borne upon these documents, the same were recorded with the Clerk of Superior Court of Clayton County, Georgia at 4:33 p.m. on August 10, 2009.

9. On September 12, 2016, Plaintiff filed a *Voluntary Petition* and accompanying documents (collectively, the "Petition") under Chapter 13, Title 11, of the United States Code, with the same being filed in the United States Bankruptcy Court for the Middle District of Alabama and bearing bankruptcy case number 16-11666 ("Bankruptcy Case").

10. On December 16, 2016, this Honorable Court entered an *Order Confirming Chapter 13 Plan*.

11. Plaintiff identified Defendant as the holder of a claim secured by said residence within *Schedule D* of the Petition.

12.     Within the original *Chapter 13 Plan*, Plaintiff provided for monthly cure payments to Defendant in the amount of $150.00 against an arrearage of $4,800.00.

13.     Within the original *Chapter 13 Plan*, Plaintiff provided that, on October 10, 2016, he would resume monthly payments to Defendant in service the mortgage loan.

14.     On January 23, 2017, Defendant filed *Proof of Claim* number 16 ("Claim") and therein represented entitlement to an indebtedness in the amount of $200,917.91 secured by a mortgage lien against Plaintiff's residence.

15.     On February 28, 2017, Defendant filed a *Notice of Postpetition Mortgage Fees, Expenses, and Charges* and therein represented entitlement to attorney's fees in the amount of $825.00.  The notice did not reference fees or charges for any other purpose – only attorney's fees and/or charges.

16.     On March 3, 2017, Defendant filed a *Motion for Relief from the Automatic Stay and Codebtor Stay of Sections 362 and 1301 or in the Alternative, Adequate Protection by Nationstar Mortgage, LLC* and therein represented that Plaintiff was in post-petition default of mortgage loan payments in the aggregate amount of $3,508.63 (comprised of three payments of $1,714.89 each less suspense funds of $1,636.04).

17.     Plaintiff was not, at the time Defendant filed the Motion for Relief, delinquent with post-petition monthly mortgage loan payments.

18.     Plaintiff, through his bankruptcy counsel, established that Plaintiff was not delinquent, as alleged in the Motion for Relief, with payments on the mortgage loan account.

19.     On April 12, 2017, this Honorable Court entered an *Order Conditionally Denying Motion for Relief from the Automatic Stay and Co-Debtor Stay and Providing Adequate Protection as to Nationstar Mortgage LLC* ("Hoggle Order") which provides, in pertinent part, as follows:

a. the *Motion for Relief* is denied as to any arrearage incurred through March 2017;

b. the post-petition arrearage due to Defendant through March 2017, in the amount of $811.95 (comprised of attorney's fees, court costs, less a suspense of $19.05), shall be paid by the Trustee pursuant to an amended claim (notably, the post-petition arrearage excluded any monthly mortgage payments);

c. Plaintiff shall resume consecutive monthly mortgage payments of $1,714.89 commencing with April 2017; and

d. the automatic and codebtor stays are modified to the extent that, in the event of Plaintiff's failure to remit a schedule mortgage payment, Defendant must provide to Plaintiff, Plaintiff's attorney and the Trustee written notice of such default and right to cure, and thereafter, in the event of Plaintiff's failure to cure said default within twenty (20) days of such notice, the stays lift and Defendant has the right to foreclose the mortgage against the property.

20. On June 14, 2017, Defendant filed an *Amended Proof of Claim* ("Amended Claim") in accordance with the Hoggle Order.

21. On August 30, 2017, Defendant filed a *Notice of Mortgage Payment Change* which reflects an increase in the monthly loan payment related to escrow modifications, effective as of late-October 2017, from $533.13 to $558.65.

22. On October 26, 2017, Defendant filed a *Notice of Mortgage Payment Change* which reflects a decrease in the monthly loan payment related to escrow modifications, effective as of late-December 2017, from $558.65 to $556.47.

23. On December 11, 2017, Defendant filed a *Notice of Default and Right to Cure* and therein alleged that the subject mortgage loan account was delinquent for the months of

November and December 2017 in the aggregate amount of $3,478.64, less suspense funds of $1,714.89, for a total default of $1,763.75.

24. At the time of the aforesaid *Notice of Default and Right to Cure*, however, Plaintiff was current and in compliance with the dictates of the confirmed *Chapter 13 Plan* and Hoggle Order, much like he was when Defendant filed the Motion for Relief.[1]

25. Plaintiff remitted monthly mortgage loan payments to Defendant as follows:

  a. 12/07/2016 $1,717.83 December 2016 Payment

  b. 01/20/2017 $1,635.99 January 2017 Payment

  c. 02/10/2017 $1,769.00 February 2017 Payment

  d. 03/09/2017 $1,733.89 March 2017 Payment

  e. 03/16/2017 $116.90 Partial Claimed by Defendant

  f. 03/24/2017 $1,733.89 April 2017 Payment

  g. 04/28/2017 $1,733.89 May 2017 Payment

  h. 06/01/2017 $1,733.89 June 2017 Payment

  i. 07/03/2017 $1,733.89 July 2017 Payment

  j. 08/01/2017 $1,733.89 August 2017 Payment

  k. 09/01/2017 $1,733.89 September 2017 Payment

  l. 10/02/2017 $1,733.89 October 2017 Payment

  m. 11/01/2017 $1,714.89 November 2017 Payment

  n. 11/30/2017 $1,740.41 December 2017 Payment

  o. 12/26/2017 $1,714.89 January 2017 Payment

---

[1] Because Plaintiff was *not in default* at the time of said notice, Plaintiff takes the position that the automatic and codebtor stays have not lifted and remain effective.

| | p. | 01/31/2018 | $1,738.23 | February 2017 Payment |
|---|---|---|---|---|
| | q. | 03/01/2018 | $5,221.23 | Claimed due by Defendant |

26. As reflected in the payment history above, Plaintiff has remitted, as required, monthly mortgage loan payments to Defendant; however, despite said remittances, Defendant has, as alleged herein above, failed and/or refused to acknowledge receipt of and/or to apply said payments as is required by the confirmed *Chapter 13 Plan*, the Hoggle Order and the loan documents.

27. On February 1, 2018, Defendant mailed a letter to Plaintiff which states, in pertinent part, that Plaintiff's mortgage loan is past due for the month of November 1, 2017 and all payments following said month, for an aggregate amount of $5,36.32, and delinquent.

28. On February 20, 2018, Defendant mailed a monthly mortgage statement to Plaintiff which states, in pertinent part, that Plaintiff is delinquent, as of March 1, 2018, in the amount of $7,413.73. Notably, said statement reflects that the sum of only $1,329.05 is on deposit within an "Unapplied" account, despite Plaintiff's remittance of each and every monthly mortgage loan payment as set forth in the loan history herein above.

29. On February 23, 2018, Defendant mailed an Annual Escrow Account Disclosure Statement to Plaintiff which reflects an increase in the monthly mortgage loan payment from $1,738.23 to $1,901.91 related to escrow modifications. Because the hazard insurance and property taxes have not increased since the prior disclosure statement, Plaintiff is informed and believes that the increase in the monthly escrow commitment is based, at least in part, upon Defendant's failure to credit mortgage loan payments to the loan account (which payments necessarily include escrow funds).

30. As of March 1, 2018, Plaintiff owed only the mortgage loan payment for March 2018; however, to avoid potential foreclosure action against his home, Plaintiff undertook the efforts necessary to obtain the sum of $5,221.23 and remitted the same to Defendant after certain collection activity as threatened in the aforesaid correspondence.

31. On March 9, 2018, Defendant mailed a letter to Plaintiff which states, in pertinent part, that Plaintiff's mortgage loan is past due for the months of February and March 2018 in the aggregate amount of $3,683.82. Given Plaintiff's remittance of $5,221.23 on March 1, 2018, and further given Plaintiff's remittance of each monthly mortgage payment as set forth in the payment history herein above, Plaintiff's mortgage loan was current and, in fact, paid in advance by approximately three (3) months due to said payment of March 1, 2018.

32. From the filing of the Bankruptcy Case until January 31, 2018, Defendant assessed at least thirteen (13) charges in the amount of $19.00 each and labeled as "Fees" to the mortgage loan account. Defendant did not, however, disclose said charges as required by Rule 3002.1, Fed. R. Bankr. P.

33. From the filing of the Bankruptcy Case until January 31, 2018, Defendant made approximately forty-seven (47) deposits into an account labeled as "Unapplied Funds" which deposits consist of mortgage loan payments received from Plaintiff on the subject mortgage loan account. During this period, Defendant instituted three (3) "Unapplied Funds Payment Reversal[s]".

34. Defendant's conduct, in its entirety, rises to the level of willfulness and has interfered with Plaintiff's rights under the Bankruptcy Code, the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the loan documents.

35. Because of Defendant's unsupported Motion for Relief and *Notice of Default and Right to Cure*, Plaintiff reasonably believes that the intervention of this Honorable Court is necessary to redress Defendant's unlawful conduct and to avoid imminent foreclosure of the mortgage lien secured by Plaintiff's residence.

36. Plaintiff is reasonably concerned that Defendant will foreclose the mortgage secured by his residence.

37. As demonstrated herein above, Defendant has intentionally and willfully, through deception, fraudulent and unlawful conduct, embarked upon a mission to fabricate a false default of Plaintiff's mortgage loan account for the purposes of causing the automatic stay to lift and foreclosing the subject mortgage.

38. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that he has suffered anger, anxiety, distress, frustration and loss of money, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

### COUNT ONE – WILLFUL VIOLATIONS OF 11 U.S.C. § 362(a)

27. Plaintiffs incorporate by reference herein each of the foregoing paragraphs.

28. Pursuant to 11 U.S.C. § 362(a)(3), "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" is prohibited.

29. Pursuant to 11 U.S.C. § 362(a)(4), "any act to create, perfect, or enforce any lien against property of the estate" is prohibited.

30. Pursuant to 11 U.S.C. § 362(a)(5), "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title" is prohibited.

31. Pursuant to 11 U.S.C. § 362(a)(6), "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title" is prohibited.

32. Defendant based the aforesaid *Notice of Default and Right to Cure* upon a set of false and/or fabricated allegations. More specifically, at the time of said notice, Plaintiff's mortgage loan payments were consistent with the loan documents, confirmed *Chapter 13 Plan* and Hoggle Order. Accordingly, the automatic and codebtor stays have not lifted and remain effective.

33. The following actions undertaken by Defendant constitute egregious and gross violations of the automatic stay in violation of one or more of the aforesaid provisions of § 362(a):

 a. filing and/or mailing the aforesaid *Notice of Default and Right to Cure* in the absence of a lawful and legitimate basis for said notice and/or in the presence of a set of facts fabricated for the purpose of creating a false default;

 b. contacting and communicating directly with Plaintiff, subsequent to the aforesaid *Notice of Default and Right to Cure*, regarding alleged post-petition arrears;

 c. demanding payment from Plaintiff, subsequent to the aforesaid *Notice of Default and Right to Cure*;

 d. accepting and retaining thousands of dollars from Plaintiff, subsequent to the aforesaid *Notice of Default and Right to Cure*;

 e. misapplying monthly mortgage payments and/or applying monthly mortgage payments in a manner that is inconsistent with the Confirmation Order, the confirmed *Chapter 13 Plan* and the provisions of the mortgage and note;

 f. attempting to collect and/or collecting fees and other charges not yet approved by this Honorable Court including, but not limited to, late fees and other miscellaneous charges;

g. exercising control over Plaintiff's post-petition earnings, which are property of the bankruptcy estate pursuant to 11 U.S.C. § 1306(a)(2), by depositing the same into a suspense account;

h. improperly holding monthly mortgage loan payments in a suspense account and/or as unapplied funds[2]; and

i. creating false delinquencies and defaults in the mortgage loan account and all actions related thereto.

34. These intentional acts constitute egregious and gross violations of the automatic stay and frustrate the purposes of the Bankruptcy Code.

35. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that he has suffered anger, anxiety, distress, frustration and loss of money, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

**COUNT TWO – NONCOMPLIANCE WITH RULE 3002.1, FED. R. BANKR. P.**

36. Plaintiff incorporates by reference herein each of the foregoing paragraphs.

37. Pursuant to Rule 3002.1(c) (Notice of Fees, Expenses, and Charges), "[t]he holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred."

---

[2] Such unlawful activity results in a false default and additional charges for interest and late fees.

11

38. Pursuant to Rule 3002.1(i) (Failure to Notify), "[i]f the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court may, after notice and hearing, take either or both of the following actions:

> i preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
>
> ii award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

39. Defendant violated Rule 3002.1(c) by failing to file and serve on Plaintiff, Plaintiff's bankruptcy counsel and the Trustee a notice itemizing the fees, expenses and/or other charges incurred in connection with the mortgage loan account after the filing of the Bankruptcy Case and within 180 days of the date the fees, expenses and/or other charges were incurred, specifically referring to the multiple charges of $19.00 (often assessed monthly) that are referenced in the aforementioned statements.

40. Plaintiff seeks to enforce the provisions and protections of Rule 3002.1 of the Federal Rules of Bankruptcy Procedure.

41. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that he has suffered anger, anxiety, distress, frustration and loss of money, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

**COUNT THREE – CONTEMPT OF CONFIRMATION ORDER**

41. Plaintiff incorporates by reference herein each of the foregoing paragraphs.

42. Pursuant to 11 U.S.C. § 1327(a), "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

43. Plaintiff has remitted monthly payments as required per the terms of the confirmed *Chapter 13 Plan*.

44. Defendant has failed to apply mortgage payments in accordance with the terms of the confirmed *Chapter 13 Plan*. Specifically, Defendant has misapplied payments by depositing and/or holding payments in an account identified as "Suspense" or "Unapplied" without application of said funds to the principal, interest and escrow of said mortgage loan account.

45. By virtue of 11 U.S.C. § 105(a), Plaintiff seeks to enforce the provisions and protections of 11 U.S.C. § 1327(a) and the Confirmation Order.

46. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that he has suffered anger, anxiety, distress, frustration and loss of money, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

## COUNT FOUR – 15 U.S.C. § 1639f

48. Plaintiff incorporates by reference herein each of the foregoing paragraphs.

49. Pursuant to 15 U.S.C. § 1639f (Requirements for Prompt Crediting of Home Loan Payments), "[i]n connection with a consumer credit transaction secured by a consumer's principal dwelling, no servicer shall fail to credit a payment to the consumer's loan account as of the date of receipt, except when a delay in crediting does not result in any charge to the consumer or in the reporting of negative information to a consumer reporting agency, except as required in subsection (b)."

50. The account information for Plaintiff's mortgage loan account reflects that Defendant either applied payments days or weeks after receipt of the same or did not apply the payments at all, but rather deposited the same into an account identified as "Unapplied" or "Suspense".

51. Plaintiff is informed and believes and thereon alleges that Defendant failed to credit monthly mortgage loan payments to the account as of the date of receipt, or within a reasonable time thereof, for the purposes of assessing late charges and fees against the account, earning additional interest at the inflated principal balance, and foreclosing the mortgage.

52. Plaintiff is informed and believes and thereon alleges that Defendant failed to credit monthly mortgage payments to the account as of the date of receipt, or within a reasonable time thereof, for the purposes of creating a false delinquency and default.

53. Plaintiff is informed and believes and thereon alleges that Defendant's failure to properly credit monthly mortgage loan payments to the account resulted in additional and excessive late charges and interest.

54. Plaintiff is informed and believes and thereon alleges that Defendant deposited Plaintiff's monthly mortgage loan payments into an account as unapplied or suspense payments in direct violation of 15 U.S.C. § 1639f.

55. Plaintiff is informed and believes and thereon alleges that Defendant deposited Plaintiff's monthly mortgage loan payments into an account as unapplied payments on multiple occasions.

56. Plaintiff is informed and believes and thereon alleges that each payment deposited into the account as unapplied or suspense funds constitutes a distinct and separate violation of 15 U.S.C. § 1639f.

58. Plaintiff has been damaged and injured as a result of the unlawful conduct described herein this section.

59. Plaintiff seeks to enforce the provisions of 15 U.S.C. § 1639f by and through 15 U.S.C. § 1640(a).

60. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that he has suffered anger, anxiety, distress, frustration and loss of money, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

### COUNT FIVE – BREACH OF MORTGAGE LOAN AGREEMENT

61. Plaintiff incorporates by reference herein each of the foregoing paragraphs.

62. Plaintiff entered into a mortgage and/or note which documents created a contractual relationship regarding the mortgage loan account. Defendant is bound by the terms of said mortgage and note.

63. Defendant has breached and continues to breach the provisions of the mortgage and/or note by charging and collecting premiums, charges and other fees disallowed and/or not provided for within said documents, by collecting and misapplying monthly mortgage payments, by demanding and/or collecting money in excess of that provided within these documents, and by threatening foreclosure action in the absence of a lawful breach by Plaintiff.

64. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that he has suffered anger, anxiety, distress, frustration and loss of money, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

### COUNT SIX – FRAUD AND MISREPRESENTATION

65. Plaintiff incorporates by reference herein each of the foregoing paragraphs.

66. Defendant made a false representation of an existing material fact. Specifically, Defendant represented that Plaintiff's mortgage loan account was in default when, in fact, there existed no set of facts to establish a default.

67. Defendant knew the representation was false when the same was made or, alternatively, made the representation with recklessness and disregard for its truth or veracity.

68. Plaintiff relied upon and was deceived by Defendant's false representations and such reliance and deception was reasonable given that a borrower is entitled to rely upon the representations of the mortgage company and/or mortgage servicing company. Because of said reliance, Plaintiff remitted thousands of dollars, as more so specified herein above, to Defendant.

69. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that he has suffered anger, anxiety, distress, frustration and loss of money, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

## COUNT SEVEN – FRAUD UPON THE COURT

70. Plaintiff incorporates by reference herein each of the foregoing paragraphs.

71. Defendant has attempted to defile the court itself such that the judicial machinery cannot perform in the usual manner its impartial task of adjudicating cases that are presented for adjudication. *See* In re Woodruff, 201 WL 386209 (Bkrtcy.M.D.Ala.,2010).[3]

---

[3] Within In re Woodruff, this Honorable Court recognized five facts that may be sufficient to support a claim of fraud upon the court: "(1) large numbers of motions for relief from the automatic stay are filed; (2) there is only a short period of time to dispose of these motions; (3) there is a huge economic disparity between the resources available to the parties; (4) the subject matter is critical to the debtor's survival; (5) these matters are only rarely litigated to a final order after a hearing on evidence." In re Woodruff, 2010 WL 386209, at *6 (Bkrtcy.M.D.Ala.,2010)

72. Wells Fargo sought relief from the automatic and codebtor stays and therein misrepresented that Plaintiff was in post-petition default of the mortgage loan account.

73. Wells Fargo served the *Notice of Default and Final Cure* when there existed no legitimate basis for service of said notice.

74. Defendant filed the motion and served the notice in the absence of any legitimate bases upon which to file and/or serve said motion and notice, respectfully.

75. Defendant has engaged in a series of acts, i.e. filing the Motion for Relief followed by service of the *Notice of Default and Right to Cure*, for the purpose of fabricating a basis upon which to foreclose the mortgage lien, despite the existence of any legitimate bases.

76. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged and injured in that he has suffered anger, anxiety, distress, frustration and loss of money, and has been caused to employ the services of an attorney to assist with prosecuting this matter.

## PRAYER FOR RELIEF

**WHEREFORE, the premises considered**, Plaintiff respectfully moves this Honorable Court for an Order, *inter alia*:

a. holding Defendant in contempt of this Honorable Court for violating the automatic stay of 11 U.S.C. § 362(a), the Confirmation Order, the Hoggle Order and any other applicable Orders and/or Rules discussed herein above, by virtue of 11 U.S.C. § 105(a);

b. awarding to Plaintiff and against Defendant actual, compensatory and punitive damages, along with sanctions, for the unlawful conduct described within the above subsection, by virtue of 11 U.S.C. §§ 105(a) and 362(k);

c. awarding to Plaintiff and against Wells Fargo actual, compensatory, statutory

and punitive damages, as applicable and/or statutorily available, for Defendant's violations of 15 U.S.C. § 1639f, pursuant to 15 U.S.C. § 1640(a);

d.  awarding to Plaintiff and against Defendant actual and compensatory damages for Defendant's breach of the provisions of the mortgage and/or note;

e.  awarding to Plaintiff and against Defendant actual, compensatory and punitive damages for Defendant's acts of fraud;

f.  awarding to Plaintiff and against Defendant the costs and expenses of this litigation; and

g.  awarding such other, further and equitable relief as this Honorable Court deems appropriate, including the relief provided within Rule 3002.1 of the Federal Rules of Bankruptcy Procedure.

**RESPECTFULLY SUBMITTED** this the April 2, 2018.

/s/ Anthony B. Bush
Anthony B. Bush (ASB-7306-A54B)
Attorney for Plaintiff/Debtor

**OF COUNSEL:**
Anthony B. Bush, Esq.
The Bush Law Firm, LLC
3198 Parliament Circle 302
Montgomery, Alabama 36116
Phone:      (334) 263-7733
Facsimile:  (334) 832-4390
E-mail:     anthonybbush@yahoo.com
            abush@bushlegalfirm.com

SERVICE ADDRESS:

Nationstar Mortgage, LLC, dba Mr. Cooper
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104