| | |
|---|---|
| IN RE:<br><br>JAMES MADISON MONTGOMERY<br><br><br>**Debtor(s)** | CASE NO. 16-11666-BPC<br>CHAPTER 13 |

**PURSUANT TO LOCAL RULE 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY LOCAL RULE 5005-1, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

This pleading is being filed and noticed pursuant to M.D. Ala., LBR 9007-1 procedures for the following: Motion to Modify Confirmed Plan pursuant to LBR 3015-1(b)

### TRUSTEE'S MOTION TO MODIFY DEBTOR(S) CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

COMES NOW, the Trustee, pursuant to 11 USC §1329 and LBR 3015-1(b), and moves this Honorable Court to modify the debtor(s) confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

> The Trustee has been advised that the debtor(s) is/are the party to a lawsuit, inheritance, insurance, "windfall" or "other" cause of action. The debtor(s) have not claimed an exemption in these funds at this time. It is the Trustee's contention that this "cause of action" constitutes both disposable income and is an asset of the debtor(s) Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorney(s) fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor(s) motion to approve settlement and application for approval of attorney(s) fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor(s) or approved by the Court for the payment of attorney(s) fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the <u>net</u> amount of these proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor(s) confirmed plan to provide that the party or special counsel holding the proceeds be required to send all <u>net</u> proceeds from the cause of action settlement, less attorney(s) fees, litigation expenses, and any other Court approved expenses, to the Trustee for the benefit of the Debtor(s) unsecured creditors. To the extent that this debtor(s) plan is less than 100%, the Trustee moves this

Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net settlement. The Trustee moves that all other aspects of the debtor(s) originally confirmed plan will remain the same.

Respectfully submitted on May 11, 2020.

    Sabrina L. McKinney
    Chapter 13 Standing Trustee

    */s/ Sabrina L. McKinney*
    Sabrina L. McKinney
    Chapter 13 Standing Trustee

Office of the Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173
Phone: (334)262-8371
Fax: (334)262-8599
email: 13Trustee@ch13mdal.org

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS has been served on all the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid, and properly addressed on May 11, 2020.

cc: Debtor(s)
    Debtor(s) Attorney
    All Creditors
    Special Counsel: Anthony B. Bush

    */s/ Sabrina L. McKinney*
    Sabrina L. McKinney
    Chapter 13 Standing Trustee